UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

James T. Burke,

    Plaintiff,

    v.                                                Civil Action No. 1:16-cv-52-jgm-jmc

Lisa Menard, Commissioner,
Vermont Department of Corrections,

    Defendant.

## REPORT AND RECOMMENDATION
(Doc. 13)

Plaintiff James Burke, a Vermont inmate proceeding *pro se*, brings this action against Defendant Lisa Menard, Commissioner of the Vermont Department of Corrections (DOC). Burke challenges an alleged "unlawful side policy" created by the DOC library director which requires Burke's requests for copies of legal documents to be approved by the director before they may be fulfilled. (Doc. 6 at 1; *see* Docs. 6-1, 6-2.) According to Burke, this policy "unlawfully denies [him] timely access to the courts" and thus violates his First Amendment rights. (Doc. 6 at 1.) Burke is suing Menard in her official capacity and seeks injunctive relief, including an order requiring the library director to refrain from following the policy. (*Id.* at 3; Doc. 6-1 at 1; Doc. 6-2 at 1, 3.)

Pending before the Court is Menard's Motion to Dismiss Burke's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Doc. 13.) Burke has not filed an opposition to the Motion, and the time to respond has expired. As explained below, I recommend that Menard's

Motion to Dismiss be GRANTED, given that Burke's Complaint fails to state a claim for violation of his First Amendment right to access the courts.

## Procedural and Factual Background

Burke is currently incarcerated at the North Lake Correctional Facility in Baldwin, Michigan.  (Doc. 6 at 1.)  He initially filed this matter in Vermont Superior Court, Civil Division, Washington Unit, as a Complaint for Review of Governmental Action pursuant to Vermont Rules of Civil Procedure 75.  (*See* Doc. 1.)  Thereafter, Menard removed the case to this Court pursuant to 28 U.S.C. § 1331 because Burke asserts federal constitutional claims over which the federal court has original jurisdiction.  (*Id.*)

Burke alleges that the DOC library director instructed staff at the North Lake Correctional Facility to e-mail Burke's photocopy requests to her for approval before allowing them to proceed.  (Doc. 6-2 at 1.)  Burke claims this process "takes approx[imately] [three] to [four] days . . . and unlawfully allows documents to be denied at the whim of [the director]."  (*Id.* at 2.)  He further claims that the policy "unlawfully denies [him] timely access to the [c]ourts . . . when he has [c]ourt . . . dead[]lines."  (*Id.*)  Finally, Burke asserts that the director has, as a result of this policy, "rejected several of [his] legal documents from being copied."  (*Id.* at 1.)

## Discussion

Burke brings this action under 42 U.S.C. § 1983, which provides a civil claim for damages against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and

2

laws." "Section 1983 itself creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999) (citing *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)). To succeed on a § 1983 claim, a plaintiff must establish that: "(1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a denial of her federal statutory rights, or her constitutional rights or privileges." *Annis v. County of Westchester*, 136 F.3d 239, 245 (2d Cir. 1998). Thus, to succeed in this lawsuit, Burke must show that Menard acted under color of state law in allowing the alleged unlawful copy policy to be implemented, and that as a result of that allowance, Burke was denied his First Amendment right of access to the courts.

## I. Rule 12(b)(6) Standard

As noted above, the case is before the Court on Menard's Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must "provide the grounds upon which [its] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). A plaintiff must also allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). As described by the United States Supreme Court in *Iqbal* and *Twombly*, this does not require a plaintiff to provide "detailed factual allegations" to support his claims, but the "[f]actual allegations must be enough to raise a

right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

In assessing the adequacy of the pleadings, the court must accept all factual assertions as true and draw all reasonable inferences in favor of the plaintiff.  *See Wilson v. Merrill Lynch & Co.*, 671 F.3d 120, 128 (2d Cir. 2011); *ATSI Commc'ns, Inc.*, 493 F.3d at 98.  Moreover, in cases like this which involve a *pro se* plaintiff, the court must construe the complaint "liberally," *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), reading it "to raise the strongest arguments . . . suggest[ed therein]," *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007) (internal quotation marks omitted).  Even *pro se* litigants, however, "remain subject to the general standard applicable to all civil complaints under the Supreme Court's decisions in *Twombly* and *Iqbal*."  *Brickhouse v. City of New York*, No. 09 CIV. 9353(NRB), 2010 WL 3341845, at *2 (S.D.N.Y. Aug. 16, 2010); *see Bisson v. Martin Luther King Jr. Health Clinic*, No. 07-5416-cv, 2008 WL 4951045, at *1 (2d Cir. Nov. 20, 2008); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("*[P]ro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." (internal quotation marks omitted)).  And the court need not credit the complaint's "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, [which are] supported by mere conclusory statements."  *Iqbal*, 556 U.S. at 678; *see also Faber v. Metro. Life Ins. Co.*, 648 F.3d 98,

104 (2d Cir. 2011) ("We are not . . . bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions." (internal quotation marks omitted)).

## II.     First Amendment Right of Access to Courts

It is well established that prisoners have a constitutional right of access to the courts. *Amaker v. Fischer*, 453 F. App'x 59, 63 (2d Cir. 2011) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). "The right of access to the courts requires that prisoners defending against criminal charges or convictions (either directly or collaterally) or challenging the conditions of their confinement . . . not be impeded from presenting those defenses and claims for formal adjudication by a court." *Bourdon v. Loughren*, 386 F.3d 88, 96 (2d Cir. 2004). "This principle, however, requires only that prisoners' access to the courts be adequate, effective, and meaningful, and does not preclude the balancing of prisoners' rights with the legitimate interests of the states, including economic concerns." *Dugar v. Coughlin*, 613 F. Supp. 849, 853 (S.D.N.Y. 1985) (citation and internal quotation marks omitted). Moreover, "[a] state need not 'provide the *best* manner of access, nor is it obligated to equalize the financial resources of each of its inmates . . . . So long as the [s]tate's procedure[]s . . . meet constitutional minima, the courts should not second-guess them.'" *Id.* (emphasis in original) (quoting *Pino v. Dalsheim*, 558 F. Supp. 673, 675 (S.D.N.Y.1983)).

In order to state a valid constitutional claim of violation of right to access the courts, a prisoner must allege that the prison officials' "deliberate and malicious interference" resulted in "actual injury." *Muhammad v. Hodge*, No. 07-CV-0232(Sr), 2010 WL 1186330, at *5 (W.D.N.Y. Mar. 24, 2010) (citing *Lewis v. Casey*, 518 U.S. 343,

5

349, 353 (1996)).  To survive a motion to dismiss a right-to-access claim, the plaintiff must allege "not only that the defendant's alleged conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim."  *Moore v. Gardner*, 199 F. Supp. 2d 17, 25 (W.D.N.Y. 2002) (citing *Lewis*, 518 U.S. at 351).  "In other words the plaintiff must show that a non-frivolous legal claim had been frustrated or was being impeded due to the actions of prison officials."  *Id.* at 25–26 (internal quotation marks omitted).  "[A] mere delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation."  *Id.* at 26 (internal quotation marks omitted).

Applied here, Burke has failed to sufficiently allege a claim against Menard for violation of his constitutional right to access the courts.  As explained above, Burke's claim is that the DOC's policy of allowing the prison library director to review Burke's copy requests before they are approved violates his right to access the courts.  The Second Circuit has repeatedly held, however, that a prisoner does not have a constitutional right to free copies, and prison regulations limiting access to copies are "reasonably related to legitimate penological interests."  *Muhammad*, 2010 WL 1186330, at *5 (internal quotation marks omitted) (citing cases); *see also Renelique v. Duncan*, No. 9:03CV1256, 2007 WL 1110913, at *9 (N.D.N.Y. Apr. 12, 2007); *Collins v. Goord*, 438 F. Supp. 2d 399, 416 (S.D.N.Y. 2006); *Gittens v. Sullivan*, 670 F. Supp. 119, 122–23 (S.D.N.Y. 1987), *aff'd*, 848 F.2d 389 (2d Cir. 1988).  Therefore, the mere existence of a policy

6

requiring the library director to review Burke's copy requests prior to their approval does not violate Burke's right to access the courts.

Moreover, Burke fails to allege any deliberate and malicious conduct on behalf of Menard. Rather, the denied copy requests attached to Burke's Complaint indicate that the DOC provided legitimate reasons for the denials, including that: exhibits were not accompanied by a pleading or letter to the court (Doc. 6-1 at 2–3); the request form was not correctly completed (*id.* at 4); and copies of the requested documents were previously authorized for copying (*id.*). *See Renelique*, 2007 WL 1110913, at *9 (where defendant did not deny plaintiff's request for photocopies "in an effort to prejudice plaintiff's litigation, but rather, to ensure compliance with DOCS Directives," plaintiff failed to properly allege that defendant "acted deliberately and maliciously in denying [plaintiff's] request for advance legal copies"); *Muhammad*, 2010 WL 1186330, at *6 (no evidence defendants acted deliberately and maliciously, where plaintiff's complaint and the record established that defendants were responsive to plaintiff's photocopy requests and even "offered suggestions to plaintiff as to how he could get the copies he needed").

Lastly, Burke does not allege that Menard's conduct caused him actual injury. There are no allegations that, as a result of the copy policy, Burke missed any filing deadlines or was otherwise negatively impacted in his efforts to pursue his legal claims. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003) ("To state a claim for denial of access to the courts . . .[,] a plaintiff must allege that the defendant took or was responsible for actions that hindered [his] efforts to pursue a legal claim.") (internal quotation marks omitted). Burke merely states in an attachment to the Complaint that the

7

policy of having his copy requests reviewed "takes approx[imately] 3 to 4 days to happen," thus claiming–at most–that his filings were delayed by three or four days as a result of the library director's policy.  (Doc. 6-2 at 2, ¶ 2; Doc. 6-3 at 1.)  But for Burke to successfully demonstrate that the policy hindered his efforts to pursue his legal claims, he "must show that he encountered more than mere delay or inconvenience."  *Smith v. Donaher*, No. 12-CV-6035-CJS, 2013 WL 2531750, at *9 (W.D.N.Y. June 10, 2013) (internal quotation marks omitted); *see Benjamin v. Kerik*, 102 F. Supp. 2d 157, 164 (S.D.N.Y. 2000), *aff'd sub nom. Benjamin v. Fraser*, 264 F.3d 175 (2d Cir. 2001) ("if an inmate experienced delays in pursuing a civil claim, but files acceptable legal pleadings within court deadlines, he cannot claim that he was prejudiced by shortcomings in a prison facility's law library, because he has sustained no relevant actual injury").

For these reasons, Burke has failed to allege that the library director's imposition of photocopy restrictions violates Burke's right to access the courts.  I therefore recommend granting Menard's Motion to Dismiss for failure to state a claim.

### III.    State-Law Claims

I further recommend that the Court refrain from exercising supplemental jurisdiction over any potential state-law claims contained in Burke's Complaint.  Under 28 U.S.C. § 1367(a), "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  However, courts "may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original

jurisdiction." *Id.* § 1367(c); (c)(3); *see Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d. Cir. 2011). The Supreme Court explained: "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988).

Here, Burke has not responded to Menard's Motion to Dismiss, and thus has presented no reason for the Court to retain supplemental jurisdiction over any potential state-law claims. Additionally, given the absence of a federal-law claim, the interests of judicial economy, convenience, fairness, and comity weigh in favor of not exercising supplemental jurisdiction here.

## IV.    Leave to Amend

The Second Circuit has cautioned that, when a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," the district court should not dismiss the complaint without granting leave to amend. *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). It is well settled, however, that "leave to amend a complaint need not be granted when amendment would be futile." *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003); *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that a "futile request to replead,"

even by a *pro se* litigant, "should be denied"). An amendment is "futile" if the proposed pleading would not withstand a motion to dismiss. *See Jones v. Phelps Corp.*, No. 3:14–cv–84 (GLS/DEP), 2014 WL 2195944, at *3 (N.D.N.Y. May 22, 2014). Thus, the proposed amended complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 158 (W.D.N.Y. Sept. 15, 2008) (quoting *Twombly*, 550 U.S. at 555).

Applied here, Burke has neither opposed Menard's Motion to Dismiss his claims nor filed an amended complaint or other document proposing new claims. Moreover, amendment would be futile, given that Burke has not merely pleaded his claims inartfully; rather, his claims fail in substance, as discussed above. When better pleading will not cure a complaint's defects, leave to amend should be denied. *See Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990).

## Conclusion

For these reasons, I recommend that Menard's Motion to Dismiss Burke's Complaint for failure to state a claim (Doc. 13) be GRANTED, without leave to amend.

Dated at Burlington, in the District of Vermont, this 1st day of June, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).